**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARSEN ABRAHAMYAN, | Nos. 08-74648 |
| Petitioner, | 09-71541 |
| v. | Agency No. A075-654-174 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2012[**]

Before:      LEAVY, PAEZ, and BEA, Circuit Judges.

Arsen Abrahamyan, a native and citizen of Armenia, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") orders denying his motion

to reopen removal proceedings, (No. 08-74648), and denying his motion to

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

reconsider, (No. 09-71541). We have jurisdiction under 8 U.S.C. § 1252. We review for an abuse of discretion the BIA's denial of a motion to reopen and of a motion to reconsider. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We review de novo due process claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny both petitions for review.

The BIA did not abuse its discretion in denying Abrahamyan's motion to reopen as untimely where the motion was filed over five years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), Abrahamyan failed to present sufficient evidence of ineffective assistance of counsel to warrant equitable tolling of the deadline, *see Hamoui v. Ashcroft*, 389 F.3d 821, 826 (9th Cir. 2004) (ineffective assistance of counsel may toll the filing deadline for a motion to reopen if it amounts to a due process violation), and he also failed to present sufficient evidence of changed circumstances in Armenia to qualify for the regulatory exception to the time limit for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004) ("The critical question is . . . whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.").

08-74648/09-71541

In addition, the BIA did not abuse its discretion in denying Abrahamyan's motion to reconsider. *See* 8 U.S.C. § 1229a(c)(6); 8 C.F.R. § 1003.2(b)(1). In construing Abrahamyan's motion to reconsider as a motion to reopen, the BIA did not abuse its discretion in denying the motion as untimely and number barred, *see* 8 C.F.R. § 1003.2(c)(2), or in denying the motion because Abrahamyan failed to show that he was prejudiced by his former counsel's suspension from legal practice, *see Iturribarria v. INS*, 321 F.3d 889, 901 (9th Cir. 2003) (petitioner must show prejudice from the allegedly deficient representation).

Finally, we reject Abrahamyan's contention that the BIA failed to consider evidence because he has not overcome the presumption that the BIA reviewed the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006).

**No. 08-74648: PETITION FOR REVIEW DENIED.**

**No. 09-71541: PETITION FOR REVIEW DENIED.**